Curia, per
Johnson, J.
It is admitted on ail sides that this cause had been heard on its merits, and that the decree to have been pronounced by the chancellor would have been final in its effects and operation. And the cases cited at the bar abundantly establish that in such a case the decree may be pronounced, although one of the parties in interest die after the hearing and before the judgment is given. Davies v. Davies, 9 Ves. 461. Campbell v. Mesier, 4 Johns. Cha. Rep. 342.
A suit abates by the death of one of the parties during its progress, because there is no one in court who is interested or bound to defend the interests which belonged to him; and they might be compromitted by an ex parte proceeding. But this reasoning cannot apply when he has had an opportunity of vindicating his rights through every stage in which his efforts could avail anything; and this is the state of things after a final hearing. Besides, the judgment has relation back to the time of the hearing, and in legal contemplation is a judgment in the lifetime of the party.
This court is, therefore, of opinion that the chancellor was at liberty to have proceeded to pronounce his decree, notwithstanding the death of the defendant Clifton, and without the consent of his representatives.

Motion granted.